**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| ) | |
| United States of America    ) | |
| ) | |
| v.              ) | Criminal Action No. |
| ) | 99-40016-NMG |
| Junito Melendez,        ) | |
| ) | |
| Defendant.         ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of the conviction of Junito Melendez ("defendant" or "Melendez") for possession with the intent to distribute cocaine base as well as possession of a firearm. Pending before the Court is defendant's motion for relief under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 ("the First Step Act") and/or petition for a writ of <u>coram</u> <u>nobis</u>.  For the following reasons, that motion will be denied.

## I.   <u>Background</u>

In August, 1999, Melendez was indicted, as a juvenile, on one count of possession with intent to distribute and distribution of 19.2 grams of cocaine base (Count 1) and one count of possession of a firearm (Count 2).  Pursuant to a

-1-

superseding indictment filed in January, 2000, Melendez was charged with an additional count of possession with intent to distribute 3.3 grams of cocaine base, this time as an adult (Count 3). He was convicted of all counts following a jury trial and was sentenced to 135 months imprisonment and five years of supervised release in April, 2001.

Defendant's sentence was reduced on two subsequent occasions. In May, 2003, this Court re-sentenced defendant to 121 months imprisonment after the First Circuit Court of Appeals determined that an incorrect criminal history category had been applied in calculating his original sentence. In June, 2006, this Court again reduced his sentence to 109 months imprisonment after the Massachusetts Superior Court vacated two of defendant's prior convictions.

Melendez was released from custody and began his term of supervised release in March, 2007. He violated those conditions on three separate occasions, resulting in additional periods of incarceration. Defendant finally completed his 2001 sentence in December, 2010.

In July, 2019, a grand jury returned two separate indictments, one of which charged defendant with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. Because that charge was brought within 15 years of the completion of

defendant's 2001 sentence, Melendez is subject to an enhanced mandatory minimum sentence of ten years rather than the otherwise-applicable minimum sentence of five years.  For that reason, Melendez moved to reduce his 2001 sentence under the First Step Act in December, 2019.  That motion was denied by this Court in May, 2020 (See Docket No. 147).

Defendant filed the instant motion for relief in January, 2021, which the government has opposed.

## II.  Motion for Relief Under the First Step Act

As a preliminary matter, to the extent that Melendez seeks reduction of his sentence pursuant to Section 404 of the First Step Act, his motion will be denied.  This Court has already addressed and rejected that argument in the memorandum and order entered in May, 2020. See United States v. Melendez, 462 F. Supp. 3d 6 (D. Mass. 2020).

Melendez is also not entitled to relief under Section 608 of the First Step Act.  He contends that expungement of his prior record is appropriate because he purportedly qualifies as a "youth" under the definition of that term in Section 608 and should not have been charged as an adult in Count 3.  Defendant is mistaken, however, because he conflates the legal term "juvenile" with the word "youth" in Section 608, which relates

-3-

to mentorship programs in Bureau of Prisons facilities.  He has not demonstrated that the First Step Act altered the legal definition of "juvenile" and thus expungement of his record pursuant to Section 608 is unwarranted.

Defendant's reliance on the decision of the United States Supreme Court in <u>Miller</u> v. <u>Alabama</u>, 567 U.S. 460 (2012) is similarly unavailing.  <u>Miller</u>, in which the Supreme Court held that mandatory sentences of life without the possibility of parole are unconstitutional as to juvenile offenders, is inapposite because defendant was not and is not now subject to a mandatory minimum sentence of life without the possibility of parole.

Accordingly, defendant's request for relief under the First Step Act will be denied.

### III. <u>Petition for Writ of Coram Nobis</u>

A writ of <u>coram</u> <u>nobis</u> is available in federal criminal cases as a "last resort" to correct fundamental errors of fact or law. <u>United States</u> v. <u>George</u>, 676 F.3d 249, 253 (1st Cir. 2012).  Because it is an "extraordinary remedy," such a writ is granted only under remarkable circumstances. <u>United States</u> v. <u>Morgan</u>, 346 U.S. 502, 511 (1954); <u>see</u> <u>also</u> <u>Williams</u> v. <u>United</u> <u>States</u>, 858 F.3d 708, 715 (1st Cir. 2017) (describing <u>coram</u>

-4-

nobis as "strong medicine" to be dispensed sparingly) (internal citations omitted).

The writ is "ordinarily available only to a criminal defendant who is no longer in custody." Trenkler v. United States, 536 F.3d 85, 98 (1st Cir. 2008).  Furthermore, a writ of coram nobis is warranted only when a claimant: 1) adequately explains his/her failure to seek earlier relief through other means; 2) demonstrates that he/she continues to suffer significant collateral consequences from the judgment and that issuance of the writ will resolve those consequences; and 3) shows that the original judgment was based on a fundamental error. See Murray v. United States, 704 F.3d 23, 29 (1st Cir. 2013).  Even when that three-part test has been satisfied, the claimant must also establish that justice demands this extraordinary form of relief. See George, 676 F.3d at 255.

Here, Melendez has not met his high burden of demonstrating that a writ of coram nobis should issue.  First, he fails to explain adequately his failure to seek earlier relief through other means.  Defendant asserts that the applicable legal authority did not exist at the time of his direct appeal or when he filed his habeas petition but, as this Court notes above, he is not entitled to relief under the First Step Act and Miller. Second, Melendez fails to demonstrate that the original judgment

-5-

was based on a fundamental error.  As to that prerequisite, he merely declares that "there is no question that the prior [judgment] results from a fundamental error that must be corrected."  Neither the authority cited nor the argument made by defendant have made that clear.

Even if Melendez had satisfied each prong of the three-part test, he would be unable to demonstrate that justice demands the issuance of a writ of <u>coram</u> <u>nobis</u>.  He is a repeat offender who has demonstrated a propensity for recidivism and a lack of remorse for his criminal conduct.  As previously noted by this Court, Melendez now faces an enhanced mandatory minimum sentence not because of the crimes he committed as a juvenile but rather as a result of his several violations of supervised release and conduct subsequent to his initial term of imprisonment. <u>See</u> <u>Melendez</u>, 462 F. Supp. 3d at 13.

Therefore, Melendez is not entitled to the "Hail Mary" remedy associated with a writ of <u>coram</u> <u>nobis</u>.

**ORDER**

For the foregoing reasons, defendant's motion for relief under the First Step Act and/or petition for a writ of <u>coram nobis</u> (Docket No. 157) is **DENIED.**

**So ordered.**

<u>/s/ Nathaniel M. Gorton</u>
Nathaniel M. Gorton
United States District Judge

Dated April 16, 2021

-7-